### BAIRD v. ASSOCIATED PIPING & ENGINEERING CO., Inc.

#### Civil Action No. 3919 O'C.

District Court, S. D. California, Central Division.

Feb. 9, 1945.

George R. Maury, of Los Angeles, Cal., for plaintiff.

Francis B. Cobb, of Los Angeles, Cal., for defendant.

J. F. T. O'CONNOR, District Judge.

The plaintiff brings this action to recover $1,069.28 liquidated damages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. The plaintiff was employed by the defendant from March 15, 1943, to June 30, 1944, at the following rates of pay:

From March 15, 1943, to July 1, 1943, at $225 per month.

From July 1, 1943, to July 15, 1943, at $250 per month.

From July 15, 1943, to January 15, 1944, at $300 per month.

From January 15, 1944, to June 30, 1944, at $350 per month.

The court finds that the plaintiff was a non-exempt employee from March 15, 1943, to July 15, 1943, and was entitled to liquidated damages as provided by the Act. The court finds that the overtime compensation and liquidated damages during the period of March 15 to July 15, 1943, amounted to $222.36.

The court finds further that a reasonable attorney fee for plaintiff's attorney is $150 and said sum is allowed under 29 U.S.C.A. § 216.

The court finds that from and after July 15, 1943, the plaintiff was exempt from the provisions of the Fair Labor Standards Act; that he was from and after that date, until the time of his discharge by the defendant, in charge of the M. C. Division; that he attended morning meetings with the executives; that he made recommendations with respect to his department or division; that he employed secretaries and a switchboard operator, and generally assisted and directed employees in his division; that he used his own discretion in obtaining materials and determining whether materials should be sold from the stock in the warehouse of the defendant, or purchased from others; that the important question of shipment and the date of delivery and the quantities of material required for various projects were under his direction and control. It is clear to the court that he was an exempt employee from and after July 15, 1943, to June 30, 1944, and not, therefore, entitled to liquidated damages or compensation for overtime.

The court also gives some consideration to the fact that from July 15, 1943, to January 15, 1943, compensation of plaintiff was increased to $300 per month or a raise of $50 per month; and from January 15, 1943, to June 30, 1944, his compensation was increased to $350 per month or a raise of another $50 per month.

The plaintiff will prepare findings of fact and conclusions of law, serve the same upon the defendant, and file the same with the court within ten days from the date of this order.

Costs will be allowed the plaintiff.